

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS
April 5, 1965

WAGGONER CARR
ATTORNEY GENERAL

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-414

Re: Whether a department
    of State government
    must furnish the bond
    required by Article
    10.10(1) of persons
    who make remittances
    or payments of special
    fuels taxes directly
    to this State.

Dear Mr. Calvert:

        We quote the following from your letter requesting the
opinion of this office on the above captioned question.

        "We desire the opinion of your office
        as to whether or not a department of
        State Government will be required to
        furnish the bond required by Article
        10.10(1) by the Special Fuels Tax Law
        of persons who make remittances or pay-
        ments directly to this State of taxes
        incurred upon the use of special fuels.

        "For example: the Texas Department
        of Corrections is now engaged in the use
        of special fuels (diesel fuel) pre-
        dominantly to operate tractors and other
        equipment off the public highway but
        with lesser quantities used to operate
        diesel trucks upon the public highways,
        which operation by private persons
        would require a bonded user permit and
        the payment of taxes directly to the
        State.

        "There is no exemption from the tax
        on the highway use of special fuels or
        motor fuel accorded by these laws, . . .

        " . . .

        "The Comptroller has requested
        counties, cities and other political

-1949-

> sub-divisions of State government
> to furnish the bond if they purchase
> and use special fuels in a manner
> that requires a bond of others.
> This policy was influenced by Attorney
> General Opinion O-2305, in which it
> was held that a political subdivision
> of State government is required to
> furnish the bond required by Article
> 4365, V. A. C. S., to receive a
> duplicate of a warrant issued to such
> applicant which has thereafter become
> lost.

> "This is the first application
> this Division has received from a
> department of State government for a
> permit for which the law provides
> that a bond shall be furnished, and
> the Texas Department of Corrections
> has advised that it has no appropriation
> for the payment of the premium to a
> surety company should a bond be required.

> "Will you, therefore, please advise
> this Department whether it can issue a
> permit classified by law (Art. 10.11) as
> a bonded user's permit to the Texas
> Department of Corrections and waive the
> bond required by the law?"

Section (1) of Article 10.10, Title 122A, Chapter 10, Vernon's Civil Statutes, which we deem determinative of the question under consideration, reads as follows:

> "Every person who is authorized by
> permit or required by law to make
> remittances or payments directly to this
> State of taxes collected upon the sale
> or delivery of special fuels or of taxes
> incurred upon the use of said products
> shall file with his application for
> permit a bond in an amount to be set by
> the Comptroller at not less than three
> (3) times the amount of taxes that will
> accrue or may be expected to accrue
> during any month of the calendar year,
> but which bond shall never be less than

One Thousand Dollars ($1,000) if
filed by a supplier nor less than
Five Hundred Dollars ($500) if filed
by a dealer or user.

"Every such bond shall be executed
by a surety company authorized to do
business in this State, payable to
the State of Texas, and shall remain
in force from the date it is made
effective to the end of the calendar
year, unless released by the Comptroller
as herein provided. Such bond shall be
conditioned upon the full, complete,
and faithful performance by the person
for whom it is issued of all of the
conditions and requirements imposed on
said person by this Chapter, or by
rules and regulations promulgated by
the Comptroller, and shall expressly
guarantee the remittance or payment to
the State of Texas within the time
prescribed by law of all taxes,
penalties, interest, and costs required
herein to be remitted or paid to this
State by said person. Any such bond
which is continuous in form may be
continued in effect for a succeeding
calendar year by a renewal certificate,
which certificate shall have all the
force and effect of an original bond."

"Person" is defined in Section (9) of Article 10.02 as
follows:

"'Person' means every individual,
firm, association, joint stock company,
syndicate, partnership, copartnership,
corporation (public, private, or
municipal), trustee, agency or receiver."

We do not think that the Texas Department of Corrections
can be deemed an "agency" within the contemplation of the
definition of "person" above quoted. We further think that
the provision of Section (1) of Article 10.10 which requires
that a bond shall be issued by a surety company and made
payable to the State of Texas demonstrates that the Legislature
never intended that a Department of the State Government
would be required to secure bond made payable to, in effect,
itself. The result would be that the Government, or more

specifically a Department thereof, would be expressly guaranteeing the remittance or payment to itself of all the taxes, penalties, interest and costs required under the provision of the Special Fuels Tax Act. Additional evidence of this lack of Legislative intent lies in the fact that no appropriation has been made by the Legislature for the payment of a bond premium.

You are therefore advised that in the instant case you may issue the permit classified by Article 10.11 as a bonded user's permit without requiring a bond.

## S U M M A R Y

The Texas Department of Corrections, a department of the State government, need not furnish the bond required by Article 10.10(1) in order to receive a permit classified by Article 10.11 as a bonded user's permit.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:dl

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Frank Booth
John Banks
Gordon Houser
Robert Norris

APPROVED FOR THE ATTORNEY GENERAL
By:      Stanton Stone